UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE McDANIEL, et al., | No. 2:17-cv-0683 MCE DB PS |
| Plaintiffs, | |
| v. | ORDER |
| HERALD SUN NEWS, et al., | |
| Defendants. | |

Plaintiff Ronnie Lee McDaniel is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiffs' complaint and plaintiff Ronnie Lee McDaniel's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff McDaniel alleges that the defendants wrongfully accused him of being a child molester.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, plaintiffs' complaint will be dismissed with leave to amend.

**I.     Plaintiffs' Applications to Proceed In Forma Pauperis**

Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis. Here, plaintiff RMDI Industries has not paid the applicable filing fees. Nor can

1

plaintiff RMDI Industries proceed in forma pauperis. In this regard, the statute that permits a party to proceed in forma pauperis only extends to individuals, not to artificial entities. Rowland v. Calif. Men's Colony, 506 U.S. 194, 196 (1993).

Plaintiff McDaniel's in forma pauperis application does make the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most

favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II. Plaintiffs' Complaint**

The complaint asserts that this action is brought by two plaintiffs—Ronnie Lee McDaniel and RMD Industries. However, the complaint is signed only by plaintiff McDaniel. In this regard, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). A non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a).

Moreover, a corporation or other entity may appear only by an attorney. See Local Rule 183(a). Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities "pro se." Rowland, 506 U.S. at 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the

corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder).

With respect to the allegations found in the complaint, the complaint fails to contain a short and plain statement of a claim showing that plaintiffs are entitled to relief. In this regard, plaintiffs' complaint is entirely devoid of any factual allegations or clearly asserted causes of action. Instead, the complaint alleges, in a vague and conclusory manner, that "the defendants all as a group initiated or took part in a scheme to falsely accuse [plaintiff] of being a child molester . . . ." (Compl. (ECF No. 1) at 5.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, plaintiffs' complaint will be dismissed for failure to state a cognizable claim.

**III.    Leave to Amend**

The undersigned has carefully considered whether plaintiffs may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,

1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the complaint's total lack of factual allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' complaint will therefore be dismissed, and plaintiffs will be granted leave to file an amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

////
////
////
////

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed March 31, 2017 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."[3]

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 11, 2017                    /s/ DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff Ronnie McDaniel need not file another application to proceed in forma pauperis at this time unless plaintiff McDaniel's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[3] If an amended complaint is filed, that lists RMD Industries as a plaintiff, RMD Industries must pay the applicable filing fee and appear through counsel.

6